# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL, ASSOCIATION, *et al.*, | * * * | |
| Plaintiff, | * * | CIVIL ACTION NO. 14-00153-B |
| vs. | * * | |
| MOBILE SHEET METAL CO., *et al.*, | * * * | |
| Defendants. | * | |

## ORDER

This action is before the Court on Plaintiffs' Motion for Judgment on the Pleadings. (Doc. 14). The motion has been briefed and is now ripe for resolution.

### I. Background

Plaintiffs PNC Bank, National Association ("PNC Bank") and its predecessors (collectively referenced as "PNC Bank") made loans to Mobile Sheet Metal Company, Inc. ("Mobile Sheet Metal"). (Doc. 1 at 3; Doc. 1-3). On December 2, 2010, the outstanding loans were consolidated, and Mobile Sheet Metal executed a promissory note evidencing its indebtedness to PNC Bank for $387,094.68. (Doc. 1-3 at 2). Individual Defendants David B. Brown and Linda J. Brown executed guaranty agreements for the consolidated loan, and in addition, the loan was secured by two mortgages that have been recorded in Mobile County.

(Docs. 1-4, 1-5, 1-8, 1-11).  PNC Bank claims that the consolidated loan is in default and that the personal guaranties have not been satisfied.  (Doc. 1 at 4).  PNC Bank also asserts that as of April 1, 2014, the sum owed was $371,282.67, which consisted of principal in the amount of $325,954.63, accrued interest in the amount of $24,291.81 and late charges in the amount of $21,036.23. (Doc. 1 at 6, Doc. 19).  According to PNC Bank, interest accrues at the rate of $65.64 from April 1, 2014 through the present, and that interest and late charges are authorized by the promissory notes, with interest increasing from 7.45% to 18% after default. (Docs 1 at 6, Doc. 19 at 2).

Defendants filed an answer, wherein they admitted the truth of "all material allegations" contained in Plaintiffs' complaint.  (Doc. 11).  Following the filing of Plaintiffs' Motion for Judgment on the Pleadings, the individual Defendants filed a Suggestion of Bankruptcy; thus, this case has been stayed with respect to the individual Defendants.  (Docs. 16, 18).  Mobile Sheet Metal filed a response to the motion and admitted that PNC Bank is entitled to judgment against Mobile Sheet Metal in the amount of $325, 954.63, plus reasonable interest, and that PNC Bank is entitled to the security pledged by Mobile

Sheet Metal, namely property located at Lot 2, Central Baptist Church Subdivision, Mobile County. (Doc. 17). Mobile Sheet Metal also contends that it should receive credit for the value of the property that was pledged as collateral. Mobile Sheet Metal also disputes PNC's assertion that it is entitled to the sum of $21,036.23 as late charges and to accrued interest through May 12, 2014 in the sum of $26,983.05. (Id.)

## II. Analysis

After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). Under Rule 12(c), all allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. Crumpton v. Stephens (In re Northlake Foods, Inc.), 715 F. 3d 1251, 1255 (11th Cir. 2013).

The undersigned finds as a threshold matter, that Mobile Sheet Metal has waived any argument regarding the compilation of late charges or accrued interest because in

its answer, it expressly admitted "the material allegations" contained in the complaint. (Doc. 11). Admissions in an answer are deemed judicial admissions, binding on the party who makes them. See Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F. 2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."); see also Shuler v. Ingram & Assocs., 441 Fed. Appx. 712, 719 (11th Cir. 2011)(a party is bound by the admissions in his pleading and such admissions are proof possessing the highest possible probative value.). Further, aside from its conclusory assertion in its response denying the appropriateness of PNC Bank's claimed late fees and interest, Mobile Sheet Metal has set forth no grounds for contesting the late fees or interest. Moreover, the promissory note (attached to PNC Bank's complaint) clearly provides that if a payment is 10 days or more late, Mobile Sheet Metal will be charged 5.00% of the unpaid portion of the regular payment, and that upon default, the interest rate increases from 7.25% to 18% per annum unless prohibited by law[1]. (Doc. 1-3 at

---

[1] The Alabama legislature has expressly clarified that there is no maximum rate of interest for loan transactions whose original principal balance exceeds $2000. See Ala. Code § 8-8-5(a)("Any person or persons [or] corporations. . . may agree to pay such rate or rates of interest for the loan. . . of money. . . as such person [or] corporation. . . may

4

2). Accordingly, Mobile Sheet Metal's assertion regarding the late fee and interest are without merit.

Turning next to Mobile Sheet Metal's argument that PNC Bank is required to foreclose on the collateral first and credit it with the amount obtained for such collateral, this argument has been flatly rejected in this jurisdiction. See Whitney Bank v. Point Clear Dev., LLC, 2012 U.S. Dist. LEXIS 83869, *19, 2012 WL 2277597, *5 (S.D. Ala. June 18, 2012)(Steele, C.J.). In Whitney Bank, the Court observed:

> [C]ompelling a lender to foreclose on collateral instead of suing to recover unpaid debts (in the absence of any contract provision imposing such a condition precedent) would stretch the concept of mitigation beyond all reasonable boundaries. See, e.g., SE Property Holdings, LLC v. Foley, 2012 U.S. Dist. LEXIS 55853, 2012 WL 1382523, *4 (S.D. Ala. Apr. 20, 2012) (rejecting argument that lender had a duty to mitigate damages by foreclosing on property rather than allowing interest to accrue at default rate); REL Development, Inc. v. Branch Banking & Trust Co., 305 Ga. App. 429, 699 S.E.2d 779, 781–82 (Ga. App. 2010) (where contract provisions give lender the right to choose between foreclosure and filing suit, "the bank was under no duty to appellant to proceed against the collateral to collect payment," such that "the bank had no obligation to mitigate its damages in relation to the collateral"); Fifth Third Bank v. Canvasser, 2011 Mich. App. LEXIS 1054, 2011 WL 2347707, *2 (Mich. App. June 14, 2011) (finding

---

determine, notwithstanding any law of this state otherwise prescribing or limiting such rate or rates of interest; provided that the original principal balance of the loan. . . is not less than $2000").

no merit to defendants' contention that plaintiff lender breached duty to mitigate by suing instead of foreclosing on collateral, reasoning that "plaintiff suffered damages as soon as the promissory notes were defaulted on; foreclosure is merely one possible remedy, and under the contracts, plaintiff had its choice of remedies.   Electing one rather than another does not *per se* constitute a failure to mitigate.").   Besides, Alabama courts have expressly declined to impose any such mandatory duty of foreclosure in the mortgage context. See Triple J Cattle, Inc. v. Chambers, 551 So. 2d 280, 282 (Ala. 1989) ("Upon a default by the mortgagor, the mortgagee has three remedies, and he may pursue any one or all of them until the debt is satisfied....   He is not required to foreclose the mortgage first, but may bring his action on the note alone.").

Id. at 5.   Mobile Sheet Metal's assertion regarding a setoff is thus without merit.   Accordingly, the 18% interest rate on default specified in the parties' promissory note is lawful and enforceable and shall be used as the basis for computing all interest accruing from date of default through the date of judgment.

In addition to unpaid principal, interest and late fees, PNC Bank seeks an award of attorney's fees and costs. "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract. . ." Jones v. Regions Bank, 25 So. 3d 427, 441 (Ala. 2009) (citations omitted).   A review of the promissory note clearly reflects that PNC Bank is entitled to an award of reasonable attorney's fees incurred in

connection with this action.  (Doc. 1-3 at 3).

For these reasons, PNC Bank's Motion for Judgment on the Pleading is **GRANTED** as to liability only.  PNC Bank is entitled to recover from Mobile Sheet Metal the outstanding principal, late charges, accrued unpaid interest, and attorney fees, as set forth under the terms of the promissory note, which calculations, previously provided to the court, are to be supplemented by PNC Bank and filed in the form of a proposed order of final judgment, no later than **August 12, 2014.**  Any objections to such calculations are due 14 days after the proposed order of final judgment is filed. At the end of such 14 day period, the proposed order will be under submission.

**ORDERED** this **5th** day of **August, 2014.**

                                       /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**